

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

MAY 12 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

DOMINIC F. BARAGONA as the
Personal Representative   of
the Estate of
LIEUTENANT COLONEL
DOMINIC R. BARAGONA

and

DOMINIC F  BARAGONA in
his personal Capacity

and

VILMA D. BARAGONA,

Plaintiffs,

v.

KUWAIT GULF LINK TRANSPORT
COMPANY
PO Box 24565
Safat 13106
Kuwait

and

MAHMOUD MUHAMMED HESSAIN
SEROUR,
c/o Kuwait Gulf Link Transport
Company
PO Box 24565
Safat 13106
Kuwait

Defendants

**05 CV 1267**

**FILED**

**COMPLAINT**

---

## COMPLAINT

Plaintiff, Dominic Baragona, in his personal capacity and

as the Personal Representative of the Estate of Lieutenant

FORMS RECEIVED
Consent To US Mag. _____
Pretrial Instructions _____
TRIAL VI-ATG _____

seeking damages for the personal injuries and wrongful death of Lt. Col. Dominic Baragona as hereinafter set forth

This action arises out of the negligent operation of a tractor trailer truck on the highways of Iraq, as described below, owned by the defendant Kuwait Gulf Link Transport Company ("KGL") and operated by defendant Mr Mahmoud Muhammed Hessain Serour ("Mr Serour"), KGL's employee and agent. KGL is vicariously liable for the negligent actions of its agent and employee. Plaintiffs state in support of their Complaint and allege as follows.

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1332. The matter in controversy exceeds the sum of $75,000 00, exclusive of interest and costs.

2 The court has personal jurisdiction over the Defendant pursuant to O.C G.A. § 9-10-91 (1). The Defendant has continuous and systematic minimum contacts with the forum state, such that constitutional due process is not denied by the maintenance of a suit against the Defendant in this forum.

3. Venue is proper in this forum pursuant to both 28 U.S.C § 1391(a)(3) and (d)

## THE PARTIES

4.   Plaintiff, Dominic Baragona is the Personal Representative for the Estate of Lt. Col  Dominic Baragona and brings this action in both his representative capacity as such as well as his personal capacity.  Lt. Col  Dominic Baragona died on May 19, 2003   At all times relevant hereto, Dominic Baragona was the father of Dominic Baragona and is a citizen of the State of Florida.  Plaintiff Dominic Baragona and the Estate of Dominic Baragona can sue and be sued in this Court

5   Plaintiff Vilma Baragona is the mother of Lt. Col. Dominic Baragona at all times relevant hereto, Vilma Baragona was the mother of Lt. Col. Dominic Baragona and is a citizen of the State of Florida.  Plaintiff Vilma Baragona can sue and be sued in this Court

6.   The Estate was opened by the United States Army in the State of Oklahoma with Dominic Baragona as the administrator of the Estate.   Lt. Col  Baragona was based in Fort Sill, Oklahoma at the time of his death

7.   Defendant KGL is a privately owned public joint stock company   KGL was incorporated on May, 1 1982 as a joint stock company and was listed on the Kuwait Stock Exchange in 2000.

8. KGL contracts with the USA Army Central Command component that is headquartered in Atlanta, Georgia, at Fort McPherson

9 KGL has executed dozens of contracts worth tens of millions of USD with the USA Army Central Command, going back at least until 1997.

10. Defendant Mr. Serour was identified as the employee who drove the KGL truck on the day of the accident by KGL in response to queries regarding the accident by the United States Army. Mr. Serour is an Egyptian citizen

## FACTUAL ALLEGATIONS

11. On May 19, 2003, Lt. Col Baragona was traveling south through Iraq in a convoy of three American military vehicles on his way to Kuwait. Lt. Col Baragona had fought with the United States Army in Operation Iraqi Freedom, was mustering his men out of Iraq, and was now preparing to go home on leave

12. The weather was hot, sunny, and clear.

13. A tractor trailer truck was traveling on the same road. The truck was owned and operated by KGL The truck was driven by an employee of KGL, who acted at all time relevant to this claim as KGL's agent The truck was painted orange and the cab

4

of the truck was clearly marked with KGL logos and the full name of the company

14. The road was three lanes wide. There was not a lot of traffic on the road that day.

15 Members of the convoy noticed the KGL truck speed past them and then fall behind several times

16 Upon information and belief, Mr Mahmoud Muhammed Hessain Serour, an older Egyptian man in his sixties, was driving the KGL truck. Mr Serour was identified as an employee of KGL by KGL in response to queries regarding the accident by the United States Army.

17. Eye witnesses stated that Lt. Col Baragona was wearing his seat belt at all times.

18 The three vehicle convoy approached what looked like a pile of debris on the far right lane. The pile turned out to be dried concrete that had spilled from another truck prior to the accident involving Lt Col Baragona

19 The driver of Lt. Col Baragona Jr.'s Humvee told the Army investigators that he noticed the debris and moved the Humvee into the far left lane The driver further told the investigators that he kept his eyes on the debris and the tractor trailer as they neared the debris pile.

5

20. The tractor trailer was in the far right lane.  At the last minute the driver of the tractor trailer truck tried to change lanes, but hit the debris pile  Once the truck hit the debris pile, it jackknifed and crossed two lanes of traffic and collided with Lt. Col. Baragona's Humvee with disastrous consequences

21. Upon impact both the Humvee and the tractor trailer skidded together into the median that divided the northbound and southbound traffic.  The vehicles came to a stop

22. The driver of the Humvee exited the vehicle and noticed fuel spilling from the tractor trailer.

23  The driver saw Lt  Col. Baragona lying on his back next to the passenger side of the Humvee

24. Lt. Col. Baragona had suffered a massive cardiothoracic disruption to the chest and a head injury as a result of the impact of the tractor trailer truck upon the side of his Humvee   Lt  Col. Baragona was pronounced dead at the scene of the accident.

25. The devastating impact had crumpled the Humvee and rendered it useless junk, beyond repair.

26  Lt  Col. Baragona had tread marks on his Kevlar vest and helmet.  There was also a bit of orange paint on his helmet

27. Mr  Serour, the KGL employee and driver violated the applicable standard of care when operating the KGL tractor trailer truck on the day of Lt. Col. Baragona's death By driving in an unsafe manner and colliding with the clearly visible pile of debris, the driver breached the duty he owed to the vehicles also on the road   This breach of duty caused the tractor trailer to jackknife, collide with the Humvee, and Lt Col. Baragona's tragic death.  As such, he shares liability with his employer for Lt. Col. Baragona's wrongful death.

28   The official Army 15-6 Accident Investigation Report concluded that the accident was caused by the actions of the KGL driver

29. Mr  Serour was medivaced to a Coalition hospital and received care for his injuries there

30. During an April 3, 2004 conversation between the Army 15-6 investigator and Mr. Adel Kohry, the Overland Cargo Transport Department Manager for KGL, Mr  Kohry revealed that Mr. Serour had returned to his home country of Egypt, according to the KGL representative.  We do not have a current address for Mr. Serour

31  Mr. Kohry also said that he remembered the accident like it was yesterday and that KGL had conducted an internal investigation regarding the accident.

32. During the conversation, Mr. Kohry claimed that the KGL truck that was caused the accident was never recovered.

33  Mr. Kohry also made clear that Mr. Serour was an employee of KGL and not an independent contractor.

34. Under the principles of respondeat superior, KGL is liable for Mr. Serour's negligent actions.

35. The Baragonas were and are an extremely tight knit family.  The loss of Lt. Col  Baragona, whose accomplishments and outstanding career advancement provided enormous satisfaction and pride to his parents and siblings, has been emotionally devastating.

36  The estate of Lt. Col. Baragona has suffered severe damages, including, but not limited to, lost potential lifetime earnings, income, and services, and lost intangible items whose value cannot be precisely quantified, such as a parent's society, advice, example and counsel.

37  Before his death, Lt. Col  Baragona suffered extreme mental anguish and suffered immediate apprehension of his imminent death, entitling his estate to compensatory damages

38. As a direct and proximate result of the wrongful and negligent operation of KGL's truck by its employee and driver, the estate of Lt. Col. Baragona has suffered severe damages,

8

including, but not limited to, lost potential lifetime
earnings, income, and services.

39. Wherefore Plaintiffs pray that they have judgment
against Defendant as follows.

- (a)   that Plaintiffs recover the full value of the life of
        Lt. Col Baragona in an amount to be determined by
        the court, in excess of $75,000,

- (b)   that Plaintiff Dominic Baragona, Sr , as
        administrator of the estate of
        Lt  Col  Baragona, recover damages for conscious pain
        and suffering in an amount to be determined by the
        court, in excess of $75,000;

- (c)   that Plaintiff Dominic Baragona, Sr., as
        administrator of the estate of
        Lt. Col. Baragona, recover for the cost of the
        funeral, burial, and other expenses in an amount to
        be determined by the court, in excess of $75,000;

- (d)   that Plaintiffs recover for the cost of this
        litigation,

- (e)   that Plaintiffs recover such other and further relief
        as is just and proper.

9

## JURY DEMAND

Plaintiffs hereby make a demand upon the court for a trial by jury.

Respectfully submitted this /2ᵗʰ day of May, 2005.

BY: _____
ROY  E   BARNES
GA Bar No. 039000
JOHN  F   SALTER
GA Bar No. 623325

The Barnes Law Group, LLC
P   O. Box 489
Marietta, GA 30061
Telephone. 770.419.8505
Telefax·   770.590.8958

BY: _____ w/ express
STEVEN  R   PERLES              permission
EDWARD B   MACALLISTER

Perles Law Firm, PC
1146 19ᵗʰ Street, NW
Fifth Floor
Washington, DC  20009
Telephone: 202-955-9055
Telefax:   202-955-3806

10