IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOMINIC F. BARAGONA, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>KUWAIT GULF LINK<br>TRANSPORT COMPANY, et al.,<br><br>            Defendants. | 1:05-cv-1267-WSD |

## OPINION AND ORDER

**I.    BACKGROUND**

This is a tort action brought by the parents of Dominic F. Baragona ("Baragona") seeking damages arising from the death of their son, United States Army Lieutenant Colonel Dominic F. Baragona ("Lt. Col. Baragona"), who was killed in an automobile accident in Iraq. The Defendants are Kuwait Gulf Link Transport Company ("Kuwait Gulf") and Mahmoud Muhammed Hessain Serour ("Serour"). The accident occurred when the Army Humvee Lt. Col. Baragona was driving collided with a truck owned by Kuwait Gulf and driven by Serour, a Kuwait Gulf employee.

Plaintiffs, Lt. Col. Baragona's parents, assert a wrongful death action in this Court for damages resulting from Lt. Col. Baragona's death. This Court has determined it has jurisdiction over the action against Defendant Kuwait Gulf based on its extensive business contacts with the state of Georgia under the Georgia long-arm statute, O.C.G.A. § 9-10-91(1). Kuwait Gulf, despite being served on several occasions, has refused to enter an appearance in this case, and the clerk has entered default against it.[1] Plaintiffs have presented evidence on damages.

The only issue remaining is whether the Court should apply Georgia or Iraqi law to this issue, and whether Plaintiff's have satisfied the minimal showing to obtain default judgment under the relevant law.[2] The Court specifically requested that Plaintiffs provide briefing on the relevant Iraqi law so that the Court could make appropriate determinations about what law applies and whether Plaintiffs have met their burden. Plaintiffs have failed to do so.

---

[1] Plaintiffs are not pursing this action against individual Defendant Serour, and he has not been served.

[2] "[B]efore entering default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true . . . actually state a substantive cause of action and that there is a substantive, efficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Hernandez Alcocer, 2007 U.S. App. LEXIS 3853, *8 (11th Cir., Feb. 22, 2007).

**II.   DISCUSSION**

    A.   <u>Georgia's Conflicts Rules</u>

Federal courts sitting in diversity apply the forum state's choice-of-law principles. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487 (1941). Under Georgia law "the lex loci delicti determines the substantive rights of the parties." <u>Risdon Enterprises, Inc. v. Colemill Enterprises, Inc.</u>, 324 S.E.2d 738, 740 (Ga. Ct. App. 1984). Georgia's lex loci rule is subject to a public policy exception, if the harm occurred in a foreign state and the foreign state's rule "[c]ontravenes our established public policy, or the recognized standards of civilization and good morals . . ." <u>Alexander v. General Motors Corp.</u>, 446 S.E.2d 607, 661 (Ga. Ct. App. 1995), <u>r'vd on other grounds at</u> 478 S.E. 2d 123 (Ga. 1996). The public policy exception applies where "the foreign statute is designed to redress an injury, but prescribes a form of redress which is radically dissimilar to anything existing in our own system of jurisprudence." <u>Id.</u>

    B.   <u>Georgia and Iraqi Law at the Time of the Accident</u>

The accident in which Lt. Col. Baragona died occurred on May 19, 2003, in Iraq. Because Iraq is the place of the harm, Iraqi law governs under Georgia conflicts law unless it contravenes Georgia public policy. Because Plaintiffs have

not provided sufficient information on the state of Iraqi law, the Court is unable to complete this analysis.

    1.    *Georgia Law*

Under Georgia law, damages for wrongful death can be recovered in the amount of "the full value of the law of the decedent." O.C.G.A. § 51-4-2(a). The full value of the wrongfully ended life "consists of both the economic value of the deceased's normal life expectancy as determined by his expected lifetime earnings," as well as non-economic factors "incapable of exact proof" or even exact definition. Dept. of Human Resources v. Johnson, 592 S.E.2d 124, 131 (Ga. Ct. App. 2003).

    2.    *Iraqi Law*

Lt. Col. Baragona's death occurred shortly after the formation of a provisional government that supervised Iraq shortly after the end of major hostilities, in the interval between Saddam Hussein's rule and the institution of the first post-Hussein Iraqi government. Before the Court can describe the contours of Iraqi law, it must determine what law governed Iraq at the time of the accident.

The United States commenced hostilities against Iraq on or about March 19, 2003. By May 1, 2003, the regular Iraqi army had surrendered, Saddam Hussein

no longer controlled the government, and President Bush declared that major combat operations had ended.  On May 16, 2003, the Coalition Provisional Authority ("CPA") declared itself the governing authority in Iraq.  The CPA declared at that time that the laws then-existing in Iraq remained in force until superceded.  The accident in which Lt. Col. Baragona died occurred on May 19, 2006.

Pursuant to the CPA Order, the law of civil damages in force in 2003 should apply to Lt. Col. Baragona's damages claim.[3]  In 2003, tort suits in Iraq were governed by the Iraqi Civil Code of 1951 and Code of Civil Procedure.[4]

Iraqi Civil Code No. 40, Article 227, provides that "every person has the right of passage on the public road provided he (observes) the safety (precautions) so that he will not cause injury to a third party or to himself in the cases where (safety) precautions may be taken."  Plaintiffs have pled that this statute was

---

[3] Although there was a period of significant unrest and confusion between the fall of Saddam Hussein and the rise of the CPA, this unrest indicates a breakdown in enforcement, not the absence of laws.  The Court understands the CPA Regulation to adopt Iraqi civil law as it existed under Saddam Hussein at the end of his reign.

[4] The Court has relied on translations of the Iraqi Civil Code that are contained in the treatise <u>Business Laws of Iraq</u>, Vol. III (Nicola H. Karam trans., Graham & Trotman, Middle East Business Law Series, 1990 ed.)

violated because a Kuwait Gulf truck was driven unsafely, resulting in Lt. Col. Baragona's death.  By refusing to appear in this action, Defendants have admitted this allegation.

Iraqi law also provides for vicarious liability in master-servant relationships. The Iraqi Court of Cassations, which hears civil cases for damages, has held that "every person who exploits an industrial or commercial enterprise [is] responsible for the damage (injury) caused by their employee if the injury resulted from an encroachment committed by them in the course of their service." Decision 33, Court of Cassations, January 27, 1982 (Iraq).  This court has held that employers are particularly liable for damages for injuries caused by their employees' negligence.

Although Plaintiffs have provided the law above, this law does not dispose of all of the issues the Court must address in the conflicts analysis, nor does it allow the Court to determine whether Plaintiffs have alleged a substantive cause of action under Iraqi law.  Plaintiffs have failed to provide the Court with Iraqi law on three crucial issues: (1) whether Iraqi law permits recovery for wrongful death rather than mere injury; (2) whether Iraqi law permits an adult decedent's parents, particularly a mother, such as the Plaintiffs in this case, to recover for the wrongful

death of an adult; and (3) what measure of damages, if any, Iraqi law awards for wrongful death cases.

Without this information, neither this Court nor an appellate court in Georgia, should these questions be required to be certified to it, can engage in even the first step of the required inquiry and determine whether a conflict exists between Iraqi and Georgia law.  Georgia has a clear public policy allowing parents in some circumstances to recover for the wrongful death of their adult children, and to recover the full value of their life, including economic and non-economic factors.  Without knowing whether Iraqi law permits such suits by such plaintiffs, or what measure of damages it permits to be awarded, the Court cannot assess whether Iraqi law is consistent with Georgia public policy.  The Court also cannot assess whether Plaintiffs alleged a substantive cause of action under Iraqi law or provided a sufficient basis in the pleadings for the damages they seek.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs have until August 31, 2007 to supplement their briefing on Iraqi law.  This briefing shall be accompanied by certified translations of the relevant Iraqi statutes and cases.  If case law is

submitted, Plaintiffs shall provide an explanation of the precedential value of the case opinion cited, including the purpose and authority of the deciding tribunal. Failure to provide the required briefing, certified translations, or explanations of authority required by this Order will result in denial of Plaintiffs' motion for default judgment.

    **SO ORDERED** this 16th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE