# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

February 19, 2010

James N. Hatten
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA  GA  30303-3318

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 2 2010

JAMES N. HATTEN, Clerk
BY _____

**Appeal Number: 09-12770-AA**
Case Style: Dominic F. Baragona v. Kuwait Gulf Link Transport
District Court Number:  05-01267 CV-WSD-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: two folders, one envelope, one box
    Original record on appeal or review, consisting of: nine volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on
the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's
decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision
was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 09-12770

District Court Docket No.
05-01267-CV-WSD-1

DOMINIC F. BARAGONA,
as the Personal Represenetative of
Lieutenant Colonel Dominic R. Baragona,
DOMINIC F. BARAGONA,
in his personal Capacity,
VILMA D. BARAGONA,

Plaintiff-Appellant,

versus

KUWAIT GULF LINK TRANSPORT COMPANY,
MAHMOUD MUHAMMED HESSAIN SEROUR,
c/o Kuwait Gulf Link Transport Company,

Defendants-Appellees.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
--------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:      January 21, 2010
For the Court:   John Ley, Acting Clerk
By:   Gilman, Nancy

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 2 2010

JAMES N. HATTEN, CLERK
By:
Deputy Clerk

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 21, 2010

JOHN LEY
ACTING CLERK

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia

ISSUED AS MANDATE
FEB 1 9 2010
U.S. COURT OF APPEALS
ATLANTA, GA.

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2010
JOHN LEY
ACTING CLERK

No. 09-12770
Non-Argument Calendar

D. C. Docket No. 05-01267-CV-WSD-1

DOMINIC F. BARAGONA,
as the Personal Representative of
Lieutenant Colonel Dominic R. Baragona,
DOMINIC F. BARAGONA,
in his personal Capacity,
VILMA D. BARAGONA,

Plaintiffs-Appellants,

versus

KUWAIT GULF LINK TRANSPORT COMPANY,
MAHMOUD MUHAMMED HESSAIN SEROUR,
c/o Kuwait Gulf Link Transport Company,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(January 21, 2010)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiffs, the father and mother of Dominic R. Baragona, appeal the district court's order vacating a default judgment against the defendants, Kuwait & Gulf Link Transport Company (KGL).  We affirm the district court's order.

## I.  Background

On May 19, 2003, Lieutenant-Colonel Dominic R. Baragona died in a tragic traffic collision with a truck operated by KGL in Iraq.  KGL is incorporated under Kuwaiti law and has its principal place of business in Kuwait.

Baragona's father and mother filed suit under Georgia tort law in the United States District Court for the Northern District of Georgia.  The Baragonas served KGL by international courier and through the Kuwaiti Ministry of Justice.[1]  KGL refused delivery of the complaint and summons but retained counsel in the United States to monitor the proceedings.[2]  Upon the Baragonas' motion for entry of default, KGL did not appear and the clerk of the court entered a default judgment against KGL for its failure to appear or otherwise answer after service.  The district

---

[1] Service on the Kuwaiti Ministry of Justice was performed under the requirements of the Hague Convention of 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which the United States ratified on June 15, 1965, and to which Kuwait acceded on May 2, 2002.

[2] KGL also hired counsel in the United States to represent it in litigation with the United States Army arising out of Baragona's death.

court then scheduled an evidentiary hearing on personal jurisdiction and directed the Baragonas to serve their memorandum of law on this issue on both KGL and its counsel in the United States.  The district court found that the Baragonas had established a prima facie case that the court had personal jurisdiction and awarded the Baragonas a default judgment of $4,907,048.

KGL then elected to make an appearance in this action by filing a motion to set aside the judgment under Federal Rule of Civil Procedure 60(b)(4).  After a hearing, the district court determined that KGL lacked minimum contacts with Georgia sufficient to support the exercise of personal jurisdiction under Georgia's long-arm statute and granted KGL's motion to vacate the default judgment.  The Baragonas appeal.

## II. Discussion

"We review de novo . . . a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one."  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citations and quotation marks omitted).  We review the district court's findings of fact for clear error.  *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002).

The Baragonas first argue that KGL waived its personal jurisdiction defense through its "lawyerly gamesmanship" in ignoring valid service, retaining counsel

3

in the United States, monitoring court proceedings, and then filing a motion to vacate the judgment after a default judgment was rendered against it. A defendant normally only waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process. *Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 899 (11th Cir. 1990). In this case, however, none of these circumstances are present and "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ir. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). This is particularly true in this case where the court must determine whether the constitutional requirements of minimum contacts are satisfied. *See Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) (holding that the defendant, a French company, did not waive its personal jurisdiction defense merely because it was served with process and had notice of the district court proceedings).

The Baragonas point to cases they characterize as holding that a defendant's willful ignorance of district court proceedings waives a later challenge to personal jurisdiction. *Sanderford*, 902 F.2d at 899; *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984). These cases, however, all involve the improper service of process.

4

As we explained in *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*:

> The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted.

353 F.3d 916, 925 n.15 (11th Cir. 2003). These cases, therefore, state that a defendant that ignores faulty service of process might be found to have waived one component of personal jurisdiction: the defense of improper service of process. They do not, however, hold that a defendant waives the personal jurisdiction defense when it receives notice but does not meet the constitutional test of minimum contacts making it amenable to jurisdiction.[3]

The Baragonas also argue that KGL waived its personal jurisdiction defense by entering into contracts with the United States government that contain Section 52-228-8 of the Federal Acquisition Regulation.  48 C.F.R. § 52.228-8.  They contend that this section, requiring contractors to maintain liability insurance "to indemnify and hold harmless the Government against" third-party personal injury and property loss claims, waives KGL's defense of personal jurisdiction.  48

---

[3] The court in *Sanderford* stated: "This is not simply a case of personal jurisdiction, as argued by appellant, rather we believe that this case turns on waiver of the defense of insufficiency of process."  902 F.2d at 900.

C.F.R. § 52.228-8(b). This section, however, makes no mention of a waiver of personal jurisdiction and does not alter the required constitutional analysis that the court must consider in lawfully exerting personal jurisdiction over KGL.

Finally, the Baragonas argue that the district court committed clear error when it found that Baragona was killed by a KGL truck under contract with the United Nations World Food Programme. This finding, however, is irrelevant to the Baragonas' argument that the district court had general jurisdiction over KGL because there were "continuous and systematic" contacts between Georgia and KGL. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Thus, we need not analyze this argument because the Baragonas have not shown how this fact was relevant to or prejudiced their case. *Maiz v. Virani*, 253 F.3d 641, 667 (11th Cir. 2001) ("We will not overturn an evidentiary ruling and order a new trial unless the objecting party has shown a substantial prejudicial effect from the ruling.").

Accordingly, the district court's order is

**AFFIRMED.**

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia